UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELISE KING,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF
WATER RESOURCES, et al.,

Defendants.

No. 2:17-cv-1257-MCE-EFB PS

ORDER

Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and a motion for appointment of counsel.[1] For the reasons explained below, the application to proceed *in forma pauperis* is granted, but the complaint must be dismissed with leave to amend. *See* 28 U.S.C. § 1915(a)(1) and (2). Further, the motion to appoint counsel is denied.

I. Appointment of Counsel

Plaintiff requests that her case be referred to a volunteer attorney program so that she may obtain counsel. ECF No. 5. Plaintiff's request is construed as a motion for appointment of counsel. 28 U.S.C. § 1915(e)(1) authorizes the appointment of counsel to represent an indigent

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

civil litigant in certain exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017. None of these circumstances are present here. Accordingly, plaintiff's request for appointment of counsel is denied.

II.     Request to Proceed In Forma Pauperis and Screening Requirement

Plaintiff's application to proceed *in forma pauperis* makes the financial showing required by 28 U.S.C. S 1915(a)(1) and (2). *See* ECF Nos. 2, 3. Accordingly, the request to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

/////

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff brings this disability discrimination action against the California Department of Water Resources ("DWR"); Stephanie Varrelman, Chief of Workforce Equality; Tracie Billington, Chief of Integrated Regional Water Management; Tom Beiler, Chief of Employee Health Services and Labor Relations; Jacqueline Nelson, Chief of Employee Health Services; and Muzaffar Eusuff, plaintiff's supervisor. ECF No. 1 at 3-4. The complaint alleges that plaintiff was previously employed by DWR. Shortly after commencing her employment, plaintiff made

3

several complaints regarding poor working conditions, including excessive dust and problems with pests in her building. She also discussed issues with coworkers and management regarding the agency's failure to comply with state law and regulations. *Id*. at 6-7. In response to her complaints, she was given unfavorable work assignments and subjected to verbal hostility from her supervisors and coworkers. The conflicts at work eventually led to her being diagnosed with depression in May 2014 and requiring her to take leave from work under the Family Medical Leave Act. *Id*. at 11-12.

In July 2014, plaintiff's physician provided DWR with a work status report, restricting plaintiff from working at her customary worksite due to risks of "environmental/interpersonal triggers" and "all but incidental auditory/visual contact" with her supervisors due to plaintiff's depression. *Id*. at 12-13. Plaintiff also notified DWR that she was going to file a worker's compensation claim related to her mental health injuries. *Id*. at 13. In response to the work status report, plaintiff's supervisor informed her that she would need to remain on leave through the end of July because DWR could not accommodate those restriction. *Id*. at 15. Plaintiff allegedly continued to receive mental health treatment and submitted to DWR work reports every two to four weeks. *Id*. at 16-17. She also informed DWR on several occasions that her work status reports were intended to serve as requests for reasonable accommodations to allow her to return work. *Id*. She also submitted formal requests for reasonable accommodations, but was repeatedly notified that her restrictions could not be accommodated. *Id*. at 21-4. DWR continued to approve plaintiff's leave from work—without suggesting alternatives to plaintiff's request for accommodation—until September 2016, at which time plaintiff's employment was terminated. *Id*. at 17.

Plaintiff alleges federal claims for violation of Title VII of the Civil Rights Act ("Title VII"), Title I of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Employee Retirement Income Security Act ("ERISA"). *Id*. at 27-31, 32-34. Plaintiff also alleges two state law claims, which she styles as "Retaliation in Violation of Worker's Disability Compensation Act" and "Persons with Disabilities Civil Rights Act." *Id*. at 31-33.

/////

### A. Claims Against Individual Defendants

In addition to DWR, the complaint identifies as defendants Stephanie Varrelman, Chief Office of Workforce Equality; Tracie Billington, Chief Integrated Regional Water Management; Tom Beiler, Chief of Employee Health Services & Labor Relations; Jacqueline Nelson, Chief of Employee Health Services; and Muzaffar Eusuff, plaintiff's supervisor, all officers and/or supervisors at DWR. ECF No. 1 at 4. The complaint specifically states that these individuals are named as defendants in their official capacities. *Id.* at 1-2. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1995). Accordingly, these official capacity claims are construed as claims only against DWR.

### B. Title VII

Plaintiff claims that she was subjected to discrimination and retaliation in violation of Title VII of the Civil Rights Act. Title VII prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color religion, sex, or national origin." 42 U.S.C. § 2000e-2. "Title VII does not encompass discrimination on the basis of disability." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 n.8 (9th Cir. 2008). The complaint only alleges discrimination on account of plaintiff's disabilities. Accordingly, plaintiff fails to state a Title VII claim and this claim must be dismissed.

### C. Americans with Disabilities Act

Plaintiff also claims that defendant DWR discriminated against her in violation of Title I of the ADA by terminating her employment, failing to provide reasonable accommodations, and engage in an interactive process. ECF No. 1 at 1, 28-30. DWR, as a state agency, is immune from suit under the Eleventh Amendment to the United States Constitution. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001); *Thomas v. Nakatani*, 309 F.3d 1203, 1205 (9th Cir. 2002) (observing that Congress did not validly abrogate the state's sovereign immunity under Title I of the ADA); *Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812, 818 *amended*, 271 F.3d 910 (9th Cir. 2001) ( "[C]laims brought under Title I of the ADA against

states for money damages are barred by the Eleventh Amendment."); *see also Mohsin v. Cal. Dept. of Water Resources*, 52 F. Supp. 3d 1006, 1012 (DWR was entitled Eleventh Amendment immunity from claim under Title I of the ADA). Accordingly, plaintiff fails to state a Title I claim this claim also must be dismissed.

### D. Rehabilitation Act

Plaintiff's third cause of action alleges that DWR violated section 501 of the Rehabilitation Act by denying her request for a reasonable accommodation. ECF No. 1 at 31. Section 501, 29 U.S.C. § 791, "obligates federal employers to provide reasonable accommodation for the handicapped and to develop and implement affirmative action plans for handicapped employees," and provides the "exclusive remedy for handicap discrimination claims by federal employees. *Johnston v. Horne*, 875 F.2d 1415, 1418, 1420 (9th Cir. 1989), *overruled on other grounds by Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990). Thus, plaintiff must be a federal employee to state a claim under section 501 of the Rehabilitation Act. *Lopez v. Johnson*, 333 F.3d 959, 961 (9th Cir. 2003). As plaintiff was a state employee, she cannot state a claim for violation of section 501 of the Rehabilitation Act and this claim must be dismissed.

### E. Hostile Work Environment

Plaintiff styles her fifth cause of action as "Hostile and Abusive Working Environment." ECF No. 1 at 32. She alleges that defendant's conduct created a "hostile and abusive working environment in violation of Title VII, Rehab Act, and the ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus." *Id*. No other allegations are provided in support of this claim.

As far as the court can discern, plaintiff's fifth cause of action appears to be an extension of her other claims for violation of Title VII, the ADA, and the Rehabilitation Act. As discussed above, plaintiff cannot state a disability discrimination under Title VII; DWR is immune from liability for claims brought under Title I of the ADA[2]; and plaintiff, as a state employee, cannot

---

[2] The Ninth Circuit "has not yet held that a [hostile work environment claim under Title I of the ADA] exists, let alone what its source in the statute might by." *Brown v. City of Tucson*, 336 F.3d 1181, 1190 (9th Cir. 2003); *but see Meirhofer v. Smith's Food and Drug Centers Inc.*, 415 F. App'x 806 (9th Cir. 2011) ("Assuming arguendo, that hostile work environment claims are

bring a claim under section 501 of the Rehabilitation Act. To the extent plaintiff intends to allege a hostile work environment claim separate and distinct from her claims under Title I of the ADA, section 501 the Rehabilitation Act, or Title VII, her conclusory allegation that defendant's conduct caused a hostile work environment fails to give defendant sufficient notice of the particular claim(s) she seeks to assert. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). As drafted, the fifth cause of action fails to provide DWR with such notice.

F. Employee Retirement Income Security Act

Plaintiff also claims DWR violated section 510 of ERISA, 29 U.S.C. § 1140. Section 510 makes it "unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . ." 29 U.S.C. § 1140; *see Kimbro v. Atlantic Richfield Co.*, 889 F.2d 869, 880-81 (9th Cir 1989).

Plaintiff alleges that her employment "was terminated, at least in part, in order to interfere with her rights under Defendants' employee benefit plan." ECF No. 1 at 34. Aside from this conclusory statement, the complaint is devoid of any allegations suggesting that plaintiff was terminated in an attempt to interfere with her rights under an employee benefit plan. Indeed, plaintiff does not even allege that she is a participant in an employee benefit plan. Accordingly, plaintiff fails to provide sufficient factual allegations to state a claim for violation of section 510 of ERISA.

G. State Law Claims

Plaintiff also alleges a state law claim styled as "Retaliation in Violation of Worker's Disability Compensation Act" and "Persons with Disabilities Civil Rights Act," and the complaint's prayer for relief references the California Fair Employment and Housing Act. But plaintiff has yet to assert a properly pleaded federal cause of action which precludes supplemental

cognizable under the ADA, we conclude that [the plaintiff's] allegations do not rise to the level of 'a discriminatory hostile or abusive environment.'").

jurisdiction over the state law claims.[3]  Accordingly, plaintiff has failed to establish this court's jurisdiction over her state law claims.

### H. Leave to Amend

Plaintiff is granted leave to file an amended complaint. Any such complaint must allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to

---

[3] Nor does diversity jurisdiction exist over plaintiff's state law claims. As noted above, to establish diversity jurisdiction plaintiff must allege diverse citizenship of all parties. *Bautista*, 828 F.2d at 552. Plaintiff and DWR, a California state agency, are both California citizens. ECF No. 1 at 3.

comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's requests for her case be referred to a volunteer attorney program (ECF No. 5), which is construed as a motion for appointment of counsel, is denied.

3. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: July 19, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE