UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELISE KING,

    Plaintiff,

v.

CALIFORNIA DEPARTMENT OF
WATER RESOURCES, et al.,

    Defendants.

No. 2:17-cv-1257-MCE-EFB PS

ORDER

The court previously granted plaintiff's request to proceed *in forma pauperis*, but dismissed her original complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2).[1] Plaintiff subsequently filed a first amended complaint (ECF No. 11), as well as a motion for appointment of counsel (ECF No. 12). For the following reasons, plaintiff's motion for appointment of counsel is denied and some, but not all, of the claims in the amended complaint are dismissed for failure to state a claim.

I.    Motion for Appointment of Counsel

28 U.S.C. § 1915(e)(1) authorizes the appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

1

(9th Cir.1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir.1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir.1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate her claims in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017.

The court cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate her claims amount to exceptional circumstances justifying the appointment of counsel at this time. Accordingly, plaintiff's request for appointment of counsel is denied.

II. Screening Pursuant to § 1915(e)(2)

As previously explained to plaintiff, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled

to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff's brings this disability discrimination action against her former employer, the California Department of Water Resources ("DWR"), and eight of its employees. ECF No. 11. The first amended complaint alleges that in 2011, just over a year after commencing her employment with DWR, plaintiff was transferred to DWR's Division of Safety Dams, Integrated Regional Water Management. *Id*. ¶¶ 4 & 36. Shortly after the transfer, plaintiff made several complaints regarding poor working conditions, including excessive dust, substandard restrooms, and problems with pests in her building. *Id*. ¶ 37. She also complained to coworkers and management that the department was failing to comply with state law and regulations. *Id*. In response to her complaints, plaintiff was given unfavorable work assignments and subjected to verbal hostility from her supervisors and coworkers. *Id*. The conflicts at work eventually led to plaintiff being diagnosed with anxiety and depression in May 2014 and, ultimately, requiring her to take leave under the Family Medical Leave Act. *Id*. ¶ 38.

In July 2014, plaintiff's physician provided DWR with a work status report, restricting plaintiff from working at her customary worksite due to risks of "environmental/interpersonal triggers." *Id*. ¶¶ 27 & 40. She was also restricted from "all but incidental auditory/visual contact with her Management team," which limited her to only written communications; e.g. no meetings, telephone calls, or verbal conversations. *Id*. ¶ 40. In response, plaintiff's supervisor allegedly informed her that she would need to remain on leave through the end of July because DWR could not accommodate her restriction. *Id*. ¶ 41. Plaintiff continued to submit work status reports and requests for reasonable accommodation, including requests to be assigned different supervisors or be transferred to a different division or department. *Id*. ¶¶ 40-42, 44-54, 58-61, 65-71, 81-89. DWR continued to approve plaintiff's leave from work but continued to state it was unable to accommodate her medical restrictions. *Id*. In September 2016, after plaintiff had exhausted her available leave, DWR informed her that she was required to return to work. *Id*. ¶¶ 29, 90.

/////

/////

Plaintiff informed DWR that she would not be returning absent reasonable accommodations. *Id*. ¶¶ 91-92. No accommodations were provided and when plaintiff failed to return to work, her employment was terminated. *Id*.

Plaintiff alleges claims for violation of Title I of the Americans with Disabilities Act ("ADA") and Sections 501 and 504 of the Rehabilitation Act. *Id*. at 31-35. As discussed below, the first amended complaint states a potential cognizable claim for violation of Section 504 of the Rehabilitation Act against DWS, but her remaining claims must be dismissed.

With respect to her claim for violation of Title I of the ADA, plaintiff specifically states that her ADA claim is brought only against the individual defendants. *Id*. ¶¶ 15, 97. The U.S. Court of Appeals for the Ninth Circuit has held, however, that supervisors and coworkers may not be held personally liable for violations of Title I of the ADA. *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037-38 (9th Cir. 2006). Accordingly, plaintiff's claim for violation of Title I of the ADA must be dismissed.[2]

Plaintiff also fails to state a claim under Section 501 of the Rehabilitation Act, 29 U.S.C. § 791. Section 501 "obligates federal employers to provide reasonable accommodation for the handicapped and to develop and implement affirmative action plans for handicapped employees," and provides the "exclusive remedy for handicap discrimination claims by federal employees." *Johnston v. Horne*, 875 F.2d 1415, 1418, 1420 (9th Cir. 1989), *overruled on other grounds by Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990). Because plaintiff was employed by DWS, which is a state and not a federal agency, her Section 501 claim fails. *Lopez v. Johnson*, 333 F.3d 959, 961 (9th Cir. 2003).

Plaintiff also cannot state a Section 504 claim against the individual defendants. The Rehabilitation Act does not permit suits against defendants in their individual capacities. *Everett H. Dry Creek Joint Elementary School Dist.*, 5 F. Supp. 3d 1167, 1181 (E.D. Cal. 2014). Under the Rehabilitation Act only "programs and activities receiving Federal financial assistance" may

---

[2] Even if plaintiff's Title I claim was brought against DWS, any request for damages would be barred by the Eleventh Amendment. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001) (the Eleventh Amendment bars ADA claims against states).

be held liable. 29 U.S.C. § 794; *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999).

The complaint, however, does allege a potential cognizable claim for violation of Section 504 of the Rehabilitation Act against DWR. To state a Section 504 claim, a plaintiff must allege (1) that she is disabled within the meaning of the Rehabilitation Act, (2) that she is able to perform the essential functions of her employment with or without reasonable accommodation, (3) the defendant receives federal financial assistance, and (4) plaintiff was subjected to discrimination on account of her disability. *Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045 (9th Cir. 1999). "An organization that receives federal funds violates § 504 if it denies a qualified individual with a disability a reasonable accommodation that the individual needs in order to enjoy meaningful access to the benefits of public services." *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010); *see Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir.2002) ("A failure to provide reasonable accommodation can constitute discrimination under section 504 of the Rehabilitation Act."). Upon learning of the need for a reasonable accommodation, the employer is required "to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations*." Humphrey v. Memorial Hosps. Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001).

Here, plaintiff alleges that she developed depression due to ongoing harassment at work, which necessitated the need for her to take a leave from work. ECF No. 11 ¶¶ 37-38. These allegations are sufficient to allege that plaintiff is disabled within the meaning of the Rehabilitation Act. *See McAlindin v. Cnty. of San Diego*, 192 F.3d 1226, 1232-35 (9th Cir 1999) (a mental impairment is considered a disability where it substantially limits a major life activity, including the ability to work). Plaintiff also alleges that she would have been able to perform her job's essential function if she had been provided an accommodation. *Id*. ¶¶ 31-32, 40, 78. She further claims that DWS received federal funding. *Id*. ¶ 55. Lastly, she claims that she was subjected to discrimination based on defendant's refusal to engage in the interactive process and to provide a reasonable accommodation. Specifically, she claims DWS refused to allow her to work at a different work site and limit direct interactions with supervisors, as well as rejected her

requests to transfer to a different division or department. *Id.* ¶¶ 40-42, 44-54, 58-61, 65-71, 81-89; *see Buckingham v. United States*, 998 F.2d. 735, 740 (9th Cir. 1993) (rejecting argument that under the Rehabilitation Act, there is a per se rule that transferring employee to another location is not a reasonable accommodation). She further claims that the failure to provide a reasonable accommodation caused all of her leave to be exhausted and, ultimately, resulted in her employment being terminated. ECF No. 11 ¶¶ 91-92.

These allegations, although disputed, are sufficient to state a potentially cognizable Section 504 claim against DWR. But as discussed above, plaintiff's remaining claims must be dismissed. Accordingly, plaintiff may either proceed only on the potentially cognizable claim against DWR claim for violation of Section 504 of the Rehabilitation Act or she may amend her complaint to attempt to cure the first amended complaint's deficiencies. Plaintiff is not obligated to amend her complaint.

Should plaintiff choose to amend her complaint, she is informed that any amended complaint must allege a cognizable legal theory against proper defendant and sufficient facts in support of that cognizable legal theory. The amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.

Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 12) is denied.

2. Plaintiff's first amended complaint alleges, for screening purposes, a potentially cognizable claim for violation of Section 504 of the Rehabilitation Act against defendant DWR.

3. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend her complaint.

4. Within thirty days plaintiff shall return the notice below advising the court whether she elects to proceed with the cognizable claim or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

5. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: March 4, 2020.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISE KING,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF<br>WATER RESOURCES, et al.,<br><br>    Defendants. | No. 2:17-cv-1257-MCE-EFB PS<br><br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____  proceed only with the First Amendment freedom of religion claim identified against defendant Pompey;

OR

(2) _____  delay serving any defendant and file an amended complaint.

_____
Plaintiff

Dated: