1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  ELISE KING, | Case No. 2:17-cv-01257-JDP (PS) |
| 12               Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE |
| 13        v. | PLEADINGS |
| 14  CALIFORNIA DEPARTMENT OF WATER RESOURCES, | ECF No. 33 |
| 15 | |
| 16              Defendant. | |
| 17 | |

18         This case requires the court to decide whether a plaintiff is precluded from litigating in

19  federal court the issue of disability under the Rehabilitation Act when the State Personnel Board

20  has previously determined that the plaintiff is not disabled under California's Fair Employment

21  and Housing Act.  Although several courts outside this circuit have addressed the availability of

22  issue preclusion under the Rehabilitation Act, the issue has not been addressed by this court.  If

23  issue preclusion is generally available under the Rehabilitation Act, the court must consider

24  whether a decision of the State Personnel Board would be entitled to preclusive effect in state

25  court—and, if so, whether issue preclusion should apply in this case.

26         Plaintiff Elise King, a former employee of defendant California Department of Water

27  Resources who is proceeding without counsel, claims that defendant violated Section 504 of the

28  Rehabilitation Act, 29 U.S.C. § 794, by refusing to accommodate her asserted disability, which

involves a claimed inability to work under particular supervisors.  *See* ECF Nos. 14, 16.  Ms. King previously filed a complaint with the State Personnel Board, claiming that defendant had denied her reasonable accommodation, such as reassignment to different supervisors.  The Board held an evidentiary hearing and then denied her claim, finding that she did not have a disability under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 *et seq.*  Plaintiff did not appeal.  Defendant now moves for judgment on the pleadings, ECF No. 33, arguing that the Board's determination of the issue of disability precludes reconsideration here.[1] Plaintiff argues that issue preclusion is inappropriate because the administrative proceedings did not comply with certain procedural rules used in federal court; she urges the court to make its own determination of disability after an opportunity for discovery and a review of all evidence. ECF No. 35.

## Legal Standard

Judgment on the pleadings under Rule 12(c) is proper when, even if all material facts in the complaint are taken as true, the moving party is entitled to judgment as a matter of law. *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  The court applies the same standard as would govern a motion under Rule 12(b)(6).[2]  *Id.* at 1054 n.4.  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine, . . . in particular, documents incorporated into the complaint by reference, and matters

---

[1] Defendant also argues that claim preclusion is appropriate.  *See* ECF No. 33-1 at 11-12. Claim preclusion prevents a given claim from being retried in a separate case.  The court need not and does not reach this argument because issue preclusion is dispositive.  Notably, however, defendant does not address whether plaintiff's Rehabilitation Act claim could have been brought before the State Personnel Board and identifies no instance in which a claim like that raised by plaintiff has been held to be preclusive of another claim.

[2] The parties have consented to magistrate judge jurisdiction.

1    of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

2    308, 322 (2007).

3    **Judicial Notice**

4    Defendant asks that the court take judicial notice of three decisional documents from

5    plaintiff's state administrative proceeding, and of the fact that plaintiff did not appeal the final

6    administrative decision.  ECF No. 33-2.  Plaintiff argues that the specified documents are not

7    appropriate for judicial notice; her arguments focus on the underlying truth of the contents of the

8    documents.  *See* ECF No. 35 at 2-3.

9    Under Rule 201, administrative agency records, including decisional documents, are

10    subject to judicial notice.  *See* Fed. R. Evid. 201(c)(2).  Judicial notice establishes only that these

11    documents are as they are; it does not establish the correctness of any determinations therein.  *See*

12    *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 435 (9th Cir. 1992) (taking

13    judicial notice of the existence of a state administrative agency's published decisions); *see also*

14    *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("On a Rule 12(b)(6) motion to

15    dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the

16    truth of the facts recited therein, but for the existence of the opinion, which is not subject to

17    reasonable dispute over its authenticity." (internal quotation omitted)).  I will grant defendant's

18    request that the court take judicial notice of the agency records attached to the request and of the

19    fact that plaintiff did not appeal the final administrative decision.  ECF No. 33-2.

20    **Analysis**

21    "[T]he determination of a question directly involved in one action is conclusive as to that

22    question in a second suit."  *Cromwell v. County of Sac*, 94 U.S. 351, 354 (1877).  "[S]ubject to

23    certain well-known exceptions, the general rule [for issue preclusion] is that '[w]hen an issue of

24    fact or law is actually litigated and determined by a valid and final judgment, and the

25    determination is essential to the judgment, the determination is conclusive in a subsequent action

26    between the parties, whether on the same or a different claim.'"  *B&B Hardware, Inc. v. Hargis*

27    *Indus.*, 575 U.S. 138, 148 (2015) (quoting Restatement (Second) of Judgments § 27, p. 250

28

(1980)).  Preclusion embodies the idea that "a losing litigant deserves no rematch after a defeat fairly suffered."  *Astoria Fed. Sav. & Loan Ass'n v. Solimono*, 501 U.S. 104, 107 (1991).

### *i. Availability of Issue Preclusion*

Issue preclusion, or collateral estoppel, is not limited to instances in which a federal court has decided an issue.  It can also apply when "a single issue is before a court and an administrative agency" and the administrative agency is the first entity to consider the issue. *B&B Hardware*, 575 U.S. at 148.  In *University of Tennessee v. Elliott*, 478 U.S. 788 (1986), the Supreme Court established a two-step inquiry to determine whether a decision by a state administrative body should preclude litigation in federal court.  Under that framework, a court considering whether issue preclusion applies first asks "whether a common-law rule of preclusion would be consistent with Congress' intent."  *Elliott*, 478 U.S. at 796.  If so, the court then asks whether the agency decision would be entitled to preclusive effect in the courts of that state.  *Id.* at 799 ("[W]hen a state agency 'acting in a judicial capacity resolves disputed issues of fact properly before it [that] the parties have had an adequate opportunity to litigate,' federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." (quoting *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966))).

Applying *Elliott*, I first consider whether common-law preclusion would be consistent with Congress' intent in enacting the Rehabilitation Act.  Since Congress legislates against the backdrop of the common law, of which issue preclusion is a part, preclusion will operate unless a contrary intent can be inferred from the statute.

In *Elliott*, the Supreme Court inferred that Congress did not intend for issue preclusion to operate because Title VII referred to state proceedings in a manner abrogating common law.  Specifically, 42 U.S.C. § 2000e-5(b) required the EEOC to give "substantial weight" to state findings and orders.  *Elliott,* 478 U.S. at 795-96.  That provision "would make little sense . . . if state agency findings were entitled to preclusive effect in Title VII actions in federal court" because substantial weight is a lesser level of deference than preclusion.  *Id.* at 795.

In *Astoria*, the Supreme Court reached a similar conclusion regarding the Age Discrimination in Employment Act ("ADEA"), holding that Congress did not intend unreviewed

4

state agency findings to preclude claims brought under the that law.  The Supreme Court noted that the statute requires plaintiffs to exhaust state remedies and uses the termination of state proceedings to set filing deadlines.  *Astoria*, 501 U.S. at 110-11.  These provisions "plainly assume the possibility of federal consideration after state agencies have finished theirs"; "federal proceedings would be strictly *pro forma* if state administrative findings were given preclusive effect." *Id.* at 111.  The Court also found that the ADEA's enforcement provisions showed that Congress did not intend to preclude federal consideration; the statutory language did not provide for deference even to *federal* administrative findings, implying that state findings would similarly receive no deference.  *Id.* at 112.  As the Supreme Court put it, "[a]dministrative findings with respect to the age-discrimination claims of federal employees enjoy no preclusive effect in subsequent judicial litigation, and since there is no reason to believe federal enforcement agencies are any less competent than their state counterparts, it would be anomalous to afford more deference to one than the other." *Id.* at 112-13 (internal citations omitted).

Turning back to *Elliott*, the Supreme Court reached a different conclusion when assessing congressional intent under 42 U.S.C. § 1983.  The Court found that the absence of any language in § 1983 or the provision's legislative history relevant to preclusion meant that the "traditional principles of preclusion" should operate.  *Elliott*, 478 U.S. at 797 (citing *Allen v. McCurry*, 449 U.S. 90, 103-04 (1980)).

Thus, applying *Elliott* and *Astoria*, courts can infer that Congress intended issue preclusion to operate unless it has indicated otherwise, such as by (1) including a statutory requirement that state remedies be exhausted prior to pursuing a claim federally; (2) including federal enforcement provisions that do not allow for agency decisions to have preclusive effect; or (3) referring to state proceedings in a manner abrogating common law preclusion.  *See Elliott*, 478 U.S. at 797; *Astoria*, 501 U.S. at 110-11.

Section 504 of the Rehabilitation Act resembles section 1983 in that it lacks any indication that Congress intended to displace common-law preclusion.  Unlike the ADEA, the Rehabilitation Act has no exhaustion requirement or enforcement provisions; unlike Title VII, it does not refer to state proceedings in a way that abrogates the common law.  I therefore find—as

1  have several other courts that have examined the availability of common-law preclusion

2  principles under the Rehabilitation Act—that the use of issue preclusion is consistent with

3  congressional intent.  *See Van Ever-Ford v. New York*, No. 13-CV-412, 2019 U.S. Dist. LEXIS

4  73035, at *17 (W.D.N.Y. Apr. 30, 2019); *Dertz v. City of Chi.*, No. 94 C 542, 1997 U.S. Dist.

5  LEXIS 1956, at *30 (N.D. Ill. Feb. 19, 1997); *Johnson-Goeman v. Mich. Dep't of Commerce*, No.

6  5:93-CV-119, 1995 U.S. Dist. LEXIS 1806, at *15 (W.D. Mich. Jan. 18, 1995); *see also Moran v.*

7  *New York State Dep't of Health*, 95 Civ. 5809, Slip. Op., 1996 U.S. Dist. LEXIS 22769

8  (S.D.N.Y. July 29, 1996), *aff'd*, 111 F.3d 123 (2d Cir. 1997) (finding that plaintiff's ADA and

9  Rehabilitation Act claims challenging the suspension of his medical license were precluded by

10  collateral estoppel because the state court's ruling in an Article 78 proceeding contesting the

11  suspension necessarily rejected plaintiff's disability allegations).

12      I next consider whether the State Personnel Board decision would be entitled to preclusive

13  effect in state court—the second step of the *Elliott* inquiry.  California courts apply the doctrine of

14  issue preclusion to state administrative decisions if the state proceedings satisfy the fairness

15  requirements from *Utah Construction*: "(1) that the administrative agency act in a judicial

16  capacity; (2) that the agency resolve disputed issues of fact properly before it; and (3) that the

17  parties have an adequate opportunity to litigate."  *Miller v. Cty. of Santa Cruz*, 39 F.3d 1030,

18  1033 (9th Cir. 1994) (citing *Utah Construction*, 384 U.S. at 422); *see also People v. Sims*, 32 Cal.

19  3d 468, 479-82 (1982) (using *Utah Construction* fairness criteria to determine whether an agency

20  decision has collateral estoppel effect).  As the California Supreme Court put it:

> Once a decision has been issued, provided that decision is of a
> sufficiently judicial character to support collateral estoppel, respect
> for the administrative decisionmaking process requires that the
> prospective plaintiff continue that process to completion, including
> exhausting any available judicial avenues for reversal of adverse
> findings.  Failure to do so will result in any quasi-judicial
> administrative findings achieving binding, preclusive effect and
> may bar further relief on the same claims.

21

22

23

24

25

26

27

28

1  *Murray v. Alaska Airlines, Inc.*, 50 Cal. 4th 860, 867 (2010) (internal citations and quotation

2  marks omitted).

3        Here, the Board reviewed plaintiff's complaint, heard from witnesses, and then reached a

4  decision on her claims.  ECF No. 33-2 at 5-29.  Plaintiff had a five-day evidentiary hearing on her

5  FEHA claims.  *Id.* at 5.  She was represented by counsel before an administrative law judge

6  ("ALJ"), and she and four other witnesses gave testimony.  *Id.* at 19-21.  The ALJ found that

7  plaintiff had failed to prove she had a disability and thus had failed to prove any breach of a duty

8  to reasonably accommodate a disability.  *Id.* at 28.  The Board adopted the ALJ's opinion.  *Id.* at

9  4.  Plaintiff petitioned for rehearing, but the Board denied her request.  *Id.* at 32.  The first *Utah*

10  *Construction* requirement—that the agency acted in a judicial capacity—is thus met.  *See*

11  *Peterson v. Cal. Dep't of Corr. & Rehab.*, 451 F. Supp. 2d 1092, 1106 (E.D. Cal. 2006).

12        So is the second:  The agency resolved the disputed issues of fact that were properly

13  before it.  "An issue is properly before an administrative tribunal if that body has jurisdiction to

14  decide it, as a matter of state law."  *Misischia v. Pirie*, 60 F.3d 626, 630 (9th Cir. 1995).  Here,

15  the State Personnel Board had the power to adjudicate the dispute that plaintiff raised in her

16  complaint before it.  *See* Cal. Code Regs. tit. 2, §§ 10, 53.3(a)(3), 64.1-64.6.  And, although

17  plaintiff disagrees with some of the Board's findings, the record leaves little doubt that the

18  findings were made.  *See* ECF No. 33-2 at 4-45; *State Pers. Bd. v. Fair Emp't & Hous. Com.*, 39

19  Cal. 3d 422, 443 (1985) (recognizing that the State Personnel Board can act in its judicial

20  capacity to resolve disputes with preclusive effect as long as the "particular issue presented to [the

21  Board] was sufficiently explored and decided"); *Oquendo v. Cal. Inst. for Women*, 212 Cal. App.

22  3d 520, 522-23 (1989).

23        In evaluating the final *Utah Construction* requirement, whether plaintiff had an adequate

24  opportunity to litigate, I consider whether plaintiff had "an adequate opportunity for judicial

25  review."  *Peterson*, 451 F. Supp. 2d at 1106 (citing *Wehrli v. County of Orange*, 175 F.3d 692,

26  694-95 (9th Cir. 1999)).  Here, after plaintiff's case was adjudicated, she had the opportunity to

27  apply for a writ of administrative mandate in state superior court.  *See* Cal. Civ. Proc. Code

28  § 1094.5.  "The purpose of section 1094.5 is to inquire into the validity of any Final

administrative order." *State of California v. Superior Ct.*, 12 Cal. 3d 237, 245 (1974).  Review of an administrative decision under this provision falls into two substantive categories: issues of jurisdiction, fair trial, and prejudicial abuse of discretion under section 1094.5(b); and evaluation of whether the findings are supported by the evidence using an abuse of discretion standard under section 1094.5(c).  The reviewing court has many options, including remand, rehearing, entering judgment, or denying the writ.  §§ 1094.5(e), (f).  This is an adequate opportunity for judicial review.

Plaintiff complains that the practices and procedures before the ALJ were not the same as those that a federal judge would have employed.  ECF No. 35 at 2.  She notes that: (1) a witness for defendant was allowed to sit with the representative for defendant during the entire trial, which could have allowed defendant to coordinate witnesses; and (2) plaintiff was not represented by the same counsel during her prehearing settlement conference and the trial.  *Id.* at 2-4.  But, even if the characteristics she identifies distinguish her experience from what she might experience in federal court, an administrative hearing need not replicate federal court procedure to have preclusive effect.  *See Elliott*, 478 U.S. at 796-99; *Sims*, 32 Cal. 3d at 480 ("Although the fair hearing was not conducted according to the rules of evidence applicable to judicial proceedings, this difference does not preclude a finding that the [agency] was acting in a 'judicial capacity.'").  And plaintiff had the opportunity to challenge these aspects of her experience before the agency both in the first instance and on appeal.  She did not appeal, however, and in turning instead to this court she risked the application of collateral estoppel.  *See Murray*, 50 Cal. 4th at 867.

In sum, issue preclusion is available to prevent a federal court from reconsidering an issue in a Rehabilitation Act claim that has already been decided by the California State Personnel Board.  I next consider whether it should have such an effect here.

### ii.  *Application of Issue Preclusion*

This court looks to state law to determine whether issue preclusion should follow from a state court decision, *San Remo Hotel L.P. v. S.F. City & Cty.*, 364 F.3d 1088, 1096 (9th Cir. 2004), or a state administrative decision, *Einheber v. Regents of the Univ.*, 266 F. App'x 596,

598-600 (9th Cir. 2008).  In California, there are five threshold requirements for issue preclusion: "1) the issue to be precluded must be identical to that decided in the prior proceeding; 2) the issue must have been actually litigated at that time; 3) the issue must have been necessarily decided; 4) the decision in the prior proceeding must be final and on the merits; and 5) the party against whom preclusion is sought must be in privity with the party to the former proceeding."  *People v. Garcia*, 39 Cal. 4th 1070, 1077 (2006).  Here, four are easily satisfied: the parties in the administrative adjudication are the same, the State Personnel Board actually and necessarily reached a final judgment on whether plaintiff proved that she had a disability, and the Board evaluated the same factual circumstances as plaintiff presents to this court.  The only question is whether the issue of plaintiff's disability is "identical" for preclusion purposes.

To determine whether issues in two cases are "identical," California courts consider the similarity of the claims in the two proceedings, whether the facts and arguments involved substantially overlap, and whether the legal standard in the first proceeding is more or less demanding than that in the second proceeding.  *See Garcia*, 39 Cal. 4th at 1078 (citing *Sims*, 32 Cal. 3d at 485).  For example, in *Sims*, which was reconsidered and reaffirmed in *Garcia*, the state had to show welfare fraud by a preponderance of the evidence at defendant's administrative hearing and failed to do so.  *Sims*, 32 Cal. 3d at 485-86.  When the state brought a criminal case for welfare fraud against the same defendant, the administrative decision precluded a finding of guilt in the criminal case.  *Id.*  The court reasoned that if the state could not show welfare fraud by a preponderance of the evidence, it necessarily also could not show fraud beyond a reasonable doubt, as would have been required in a criminal case.  *Id.* at 485.

Here, the State Personnel Board decided that plaintiff had not proven that she had a disability under California's Fair Employment and Housing Act, Cal. Gov't Code § 12900 *et seq.*, which was fatal to her FEHA claim.  *See Swanson v. Morongo Unified Sch. Dist.*, 232 Cal. App. 4th 954, 969 (2014); *accord Villalobos v. TWC Admin. LLC*, 720 F. App'x 839, 843 (9th Cir. 2017).  Under the FEHA, a mental disability includes any mental or psychological condition that limits a major life activity.  Cal. Gov't Code § 12926(j).  The Board held that mental disability does not include an employee's inability to work under a particular supervisor because of anxiety

1   or stress related to the supervisor's standard oversight of the employee's job performance.  ECF

2   No. 33-2 at 22 (citing *Higgins-Williams v. Sutter Med. Found.*, 237 Cal. App. 4th 78, 84 (2015)).

3   Plaintiff argued that her case was distinguishable from *Higgins-Williams*, but the Board was not

4   persuaded.  ECF No. 33-2 at 23.  The Board held that her "inability to work under particular

5   supervisors is not a disability within the meaning of the FEHA."  *Id.*

6           Plaintiff's Rehabilitation Act claim also requires a showing of disability.[3]  Disability is

7   defined under the Rehabilitation Act as a physical or mental impairment that substantially limits

8   one or more major life activities.[4]  42 U.S.C. § 12102(1)(A).  Critically, this standard, requiring

9   an impairment to *substantially limit* a major life activity, is more demanding than the FEHA

10  standard, which requires only that the relevant condition *limit* a major life activity.  The situation

11  is like that in *Sims*, in which a party that failed to satisfy a less-demanding standard in an

12  administrative hearing was precluded from relitigating the issue under a more demanding

13  standard in a later state court proceeding.  *See Sims*, 32 Cal. 3d at 485-86.  Thus, the issue of

14  plaintiff's disability is "identical" under both this case and the final decision from the state

15  administrative hearing, and plaintiff is precluded from relitigating it.

16                                           **Conclusion**

17          In sum, issue preclusion is both available and applicable here, where plaintiff seeks to

18  relitigate the issue of her disability under the Rehabilitation Act after she has been determined to

19  be not disabled in an unappealed state administrative proceeding under California's Fair

20  Employment and Housing Act.

21      Accordingly:

22      1.  Defendant's motion for judgment on the pleadings, ECF No. 33, is granted.

23

24  _____

25          [3] Specifically, she would need to show that (1) she is disabled, (2) she is able to perform
    the essential functions of her employment with or without reasonable accommodation, (3) the
26  defendant receives federal financial assistance, and (4) plaintiff was subjected to discrimination
    on account of her disability.  *See Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045
27  (9th Cir. 1999).
            [4] The Rehabilitation Act, 29 U.S.C. § 705(9)(B), uses the same standards as the
28  Americans with Disabilities Act to determine whether an employee has a disability.

                                              10

2. The Clerk of Court is directed to enter judgment in favor of defendant California Department of Water Resources and close this case.

IT IS SO ORDERED.

Dated:    September 16, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE